AMERICAN GRANITE COMPANY, Appellant, vs. KRINGEL, Administrator, and others, Respondents.

*November 20, 1913—February 24, 1914.*

*Insane persons: Lucid intervals: Bills and notes: Insanity of maker: Finding of fact.*

1. A person who, in general, is insane may bind himself by contract made during a lucid interval which renders him capable of appreciating the nature of his acts and exercising judgment in respect thereto.
2. A finding by the circuit court that at the time of the execution of promissory notes the maker was an insane person, mentally incompetent to transact business, is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to recover on two promissory notes made by Albert J. Kringel, deceased. The claim was presented in county court and allowed. It was contested upon the ground of Mr. Kringel being insane and wholly incompetent to do business at the date of the notes. On appeal to the circuit court the judgment of the county court was reversed; the claim of incompetency being sustained. The finding in that regard is this:

"Albert J. Kringel was on the 9th day of November, 1908, and continually for a considerable period of time prior

thereto had been and up to the time of his death was at all times an insane person, mentally incompetent to do or transact business."

The evidence tended to show this: Kringel was, during all the times material to the case, severely afflicted by a disorder commonly affecting the mind and did so in the particular instance. Such disease is of progressive character and, ordinarily, results in mental incompetency. In the particular instance it so resulted and the incompetent condition existed when the notes were made, and continued to the end. Kringel was placed under guardianship a short time after the notes were made and was declared insane and placed in a hospital for detention and treatment as an insane man. His infirmity resulted in his death a few months after the notes were given. There was much evidence showing in considerable detail characteristics and conduct of the deceased indicating mental incompetency, and opinion evidence in that respect, both of expert and nonexpert character. There was also evidence to the contrary.

For the appellant there was a brief by *Carroll & Carroll,* and oral argument by *W. J. Carroll.*

*O. W. Bow,* for the respondent administrator.

*William W. Wight,* guardian *ad litem,* for the infant respondents.

*Otto G. Hackbarth,* for the respondent widow.

The following opinion was filed December 9, 1913:

MARSHALL, J. The only point made of sufficient merit to warrant mention of it, is that the finding of fact as to the mental condition of Kringel when the notes were made, is contrary to the evidence. The general character of the evidence on the subject, as indicated in the statement, is sufficient to show that the question is ruled in favor of respondent by the principle that trial findings of fact must prevail on appeal unless contrary to the clear preponderance of the evi-

dence.   There is no reason that we can perceive why that rule
should not have its full effect in this case.   It is one where
observance of the witnesses and listening to their testimony
is generally very helpful in arriving at the right of a contro-
versy.   All the indications are that the trial court came to
the conclusion which it did with full appreciation of the law
that a person who, in general, is insane, may bind himself by
contract made during a lucid interval rendering him capable
of appreciating the nature of his acts and exercising judg-
ment in respect thereto.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on
February 24, 1914.